George Carlton CLARK, Plaintiff,

v.

B & D INSPECTION SERVICE, et al., Defendants.

VAL–TEX COATINGS, INC., Defendant–Third Party, Plaintiff–Appellant,

v.

BRUCE MARINE TRANSPORTATION, INC., Defendant–Third Party, Plaintiff–Appellee,

v.

SCOTTSDALE INSURANCE CO., Third Party–Defendant and Third Party Plaintiff–Appellant,

v.

ANGELINA CASUALTY COMPANY, Third Party Defendant–Appellee.

No. 89–3396.

United States Court of Appeals, Fifth Circuit.

March 12, 1990.

Hugh M. Glenn, Jr. and Franklin H. Jones, III, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, La., for Scottsdale Ins. Co.

Michael J. Kincade, New Orleans, La., for Val–Tex Coating, Inc. and Commercial Union.

James M. Tompkins and Gerry Deegan, Galloway, Johnson, Tompkins & Burr, New Orleans, La., for Bruce Marine Transp. Inc. and Angelina Cas. Co.

Before HIGGINBOTHAM, SMITH and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

Scottsdale Insurance Company appeals a summary judgment dismissing its claims and allowing indemnity against it. We reverse.

Val–Tex Coatings, Inc. agreed to refurbish and paint oil platforms for Chevron U.S.A., Inc. Val–Tex also entered into a time charter agreement with Bruce Marine Transportation, Inc., under which Bruce Marine would operate a vessel, the M/V Cliff Wayne Eserman, in connection with Val–Tex's duties under the Chevron contract. Bruce Marine was a bareboat charterer of the vessel, which was owned by Eserman Offshore Services, Inc. Val–Tex and Bruce Marine each agreed to name the other on its insurance policy as part of their time charter agreement. At that time Val–Tex was insured by Scottsdale, and Bruce Marine was insured by Angelina Casualty Company.

Pursuant to its agreement with Chevron Val–Tex secured B & D Inspection Service to inspect its work. George C. Clark, an employee of B & D, injured his back while attempting to swing onto the M/V Cliff Wayne Eserman. Clark settled his claims with the numerous parties involved, and Bruce Marine, Angelina, Val–Tex, and Scottsdale agreed to litigate the coverage issues among themselves.

Bruce Marine and Angelina sought indemnity from Scottsdale and Val–Tex, who in turn sought dismissal of the complaint against them and indemnity from Bruce Marine and Angelina. On motions for summary judgment by Scottsdale and Angelina the district court concluded in part that Scottsdale was required to extend coverage to Bruce Marine as an additional insured, and that Scottsdale could not rely on a clause in its policy which ostensibly would apportion the loss pro rata between itself and Angelina. Scottsdale appeals this portion of the judgment.

### Omnibus Clause

■ The policy of insurance issued by Scottsdale to Val–Tex includes the following provision:

> [T]his policy includes as an additional insured, any person or organization when required to be so named but only as respects operations of the named insured.

Scottsdale argues that the district court erroneously concluded Bruce Marine was an additional insured under this provision, because Bruce Marine was not "required to be so named" and because the liability of and claims against Bruce Marine were unconnected with Val–Tex's operations.

The district court correctly concluded that Bruce Marine was required to be named as an additional insured by virtue of its agreement with Val–Tex to name one another on their respective insurance policies. The record does not indicate, as Scottsdale argues, that the agreement was an "informal arrangement." It is undisputed that the general manager and owner of Bruce Marine testified one of the bases for his company's agreement with Val–Tex was an agreement to be named as an additional insured. The language of the policy requires no more. Moreover, there is simply no merit to the argument that the "operations" language does not afford coverage to Bruce Marine. Bruce Marine and Val–Tex might have been deemed liable on different legal theories, but the policy language addresses the factual context in which the liability of the named insured arises, not the legal theory on which it is based. It is undisputed that B & D, Clark's employer, was retained by Val–Tex to inspect its operations.

### The Watercraft Exclusion

■ The Scottsdale policy contains an exclusion for injuries arising out of the operation of any watercraft operated by an insured. None of the parties dispute that this exclusion covers Bruce Marine's claims. An endorsement to the policy, however, states that the exclusion

> does not apply to any watercraft provided such watercraft is neither owned by the insured nor being used to carry persons or property for a charge.

Scottsdale argues that Bruce Marine was a bareboat charterer of the M/V Cliff Wayne Eserman and is therefore an owner *pro hac vice* of the vessel. Bruce Marine and Angelina argue that Bruce Marine is neither an "insured" nor an "owner" within the meaning of the endorsement.

As an initial matter, there is little doubt that Bruce Marine is an "insured" for purposes of the endorsement and the watercraft exclusion. An "insured" is defined under the policy to include an organization qualifying as an insured under the "Persons Insured" provision, and that latter provision includes, but is not coextensive with, the "named insured." It is therefore impossible to limit the meaning of "insured" to the "named insured."

It is also clear that Bruce Marine must be treated as an owner within the meaning of the exclusion and the endorsement.

> If full possession and control of the vessel is turned over to the charterer, the contract is a demise or bareboat charter.... The charterer is regarded as the owner of the vessel for the period of the charter and is responsible for the vessel's operation.... A demise is 'tantamount to, though just short of, an outright transfer of ownership.'

*Agrico Chemical Co. v. M/V Ben W. Martin,* 664 F.2d 85, 91 (5th Cir.1981) (quoting *Guzman v. Pichirilo,* 369 U.S. 698, 700, 82 S.Ct. 1095, 1096, 8 L.Ed.2d 205 (1962)); *see also Stockstill v. Petty Ray Geophysical,* 888 F.2d 1493, 1496 (5th Cir.1989) (bareboat or demise charterer "may be considered a vessel 'owner' for the purposes of P & I coverage."). The endorsement seeks to except from coverage the special liabilities shouldered by a vessel owner arising out of certain operations. "In general, all *in personam* liabilities arising out of the ship's operation are brought home to the demise charterer." G. Gilmore & C. Black, The Law of Admiralty § 4–23 (2d ed. 1975). Bruce Marine is therefore properly treated as an owner for purposes of the exclusion and the endorsement. Because its status as an owner is alone sufficient to defeat the endorsement, the watercraft exclusion applies.

### The Escape Clause

The Angelina policy contains an "escape clause" that permits Angelina to deny coverage in the event the insured is covered elsewhere. The Scottsdale policy contains a clause permitting Scottsdale to contribute only its pro rata share of the loss when the insured is covered elsewhere. The district court concluded that Angelina's escape clause must be given effect over Scottsdale's pro rata clause, and that since Bruce Marine was covered under the Scottsdale policy, Angelina would be permitted indemnity against Scottsdale.

It is apparent that, because Bruce Marine is not covered under the Scottsdale policy, Angelina's escape clause does not permit indemnity against Scottsdale. The district court accordingly did not have the opportunity to address other issues of coverage under the Angelina policy, and the case must therefore be remanded to permit it to do so.

Accordingly, the judgment of the district court is REVERSED IN PART and judgment is RENDERED IN PART that Bruce Marine Transportation, Inc. and Angelina Casualty Company take nothing on their claim against Scottsdale Insurance Company. The remainder of the case is REMANDED.